David R. Flyer, Bar #100697
Raquel Flyer, Bar #282248
**FLYER & FLYER, A Professional Law Corporation**
4120 Birch St., Ste. 101
Newport Beach, CA 92660
(949) 622-8445
(949) 622-8448 (fax)
davidflyer@flyerandflyer.com
raquelflyer@flyerandflyer.com

Attorneys for Plaintiff
JANE DOE

IN THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>vs.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California, and DOES 1 TO 10,<br><br>      Defendants. | Case No. 8:23-cv-01324<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

## EXECUTIVE SUMMARY

The Second Amendment to the United States Constitution guarantees "the right of the people to keep and bear arms." Plaintiff JANE DOE submitted an application for a Concealed Carry Weapon ("CCW") license to the Sheriff's Department of Orange County, California on February 17, 2023. The reason for the application was to allow Plaintiff to be able to provide for her own safety. Plaintiff was the victim of a brutal rape while a minor. She suffered physical and psychological trauma. She was involuntarily hospitalized for three days while still a minor. After the passage of five years which occurred on August 29, 2022, Plaintiff applied for and received a Court Order relieving her from being a prohibited person under *Wel. & Inst. Code* §8103.

1  Plaintiff has been issued CCW licenses in three States: Utah #xxxx4861 on
2  May 17, 2023; Arizona #xxxx4371 on April 10, 2023; and Florida #Wxxx2601 on
3  May 8, 2023.  Based on reciprocity, she is licensed to carry a concealed weapon in 40
4  States.  Plaintiff is a law-abiding citizen who has never been arrested nor convicted of
5  any crime.  Plaintiff was a victim of a violent crime which occurred when she was a
6  child.  On July 13, 2023, her application for a CCW license was denied, with the
7  stated reason being: "The requirement of good moral character was not satisfied due
8  to failing the psychological examination." "Good moral character" and or reliance on
9  a contrived psychological examination result which has been superseded by State
10 Court Order, appears to be a substitute for "proper cause," which our Highest Court
11 held was an unconstitutional hurdle to acquiring a CCW, see *New York State Rifle &*
12 *Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111, 2126, 213 L.Ed.2d 387 (2022).  An
13 important goal of society is to protect the safety of persons who are victims of violent
14 crimes, minorities, and/or less physically able to protect themselves, Id., at 2151.
15 But, the expressed instruction to deny applications for CCW originated in
16 Defendants' office one day after the Highest Court issued its *Bruen* opinion.

17  Plaintiff challenges denial of her application for CCW license because the
18 denial was based on unconstitutional application of *California Penal Code* (CPC)
19 §26150.  A State Officer's assertion that absence of good moral character based on a
20 psychological hold being placed on Plaintiff which occurred after a brutal rape while
21 a minor and which psychological hold was negated by State Court Order, violates the
22 Fourteenth Amendment by preventing Plaintiff from exercising her Second
23 Amendment right to keep and bear arms in public for her own self-defense.

## JURISDICTION AND VENUE

25  1.  This civil action arises under 42 U.S.C. §1983, and under the Second and
26 Fourteenth Amendments of the United States Constitution. Plaintiff challenges the
27 constitutionality and selective enforcement of *California Penal Code* (CPC) §26150.
28 ///

2. This Court has subject matter jurisdiction pursuant to U.S. Constitution Article III, Section 2.

3. This Court has personal jurisdiction over Defendant, because ROB BONTA, in his official capacity as Attorney General of the State of California, is the head enforcement officer in California and has jurisdiction over the Orange County Sheriff's Department, Carry a Concealed Weapon (CCW) Licensing Unit, which denied Plaintiff's CCW application. Written instructions on denial of CCW applications originated in Defendant's office.

4. Venue properly lies within the U.S. Central District of California pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) because Defendants are subject to personal jurisdiction in this Judicial District as set forth above, and Plaintiff has been harmed by Defendants' conduct, as described below, in this Judicial District.

## PARTIES

5. Plaintiff is and at all times was a resident of Orange County, California.

6. Defendant ROB BONTA, in his official capacity as Attorney General of the State of California, has his offices at 300 S. Spring St. #1700, Los Angeles, California 90013.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff will amend this complaint to show such true names and capacities when he has ascertained the same.

8. At all times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and was at all times herein mentioned acting within the course and scope of such agency and employment, and/or ratified the actions or omissions of each of the other Defendants. Plaintiff is further informed and believes, and thereon alleges, that each of the said Defendants is in some way responsible for the obligations hereinafter alleged.

## FACTUAL BACKGROUND

9. Plaintiff is a 22 year-old law abiding U.S. citizen. As a minor, she was the victim of sexual assault and rape. Due to the physical and psychological injuries which she sustained, she was involuntarily hospitalized for three days while still a minor. Her status as a person prohibited from having a firearm under *Wel. & Inst. Code* §8103 was changed by Court Order on March 29, 2023. Plaintiff holds CCW licenses in three States: Utah, Arizona and Florida. Under reciprocity, she is licensed for CCW in 40 States.

10. Plaintiff applied for a CCW license to the Orange County Sheriff's Department on February 17, 2023. With the application she paid the fees, submitted a completed Live Scan request, and a "Certificate of Training/Shoot Carry Concealed Weapon - Initial CCW Class" from a registered agency. She made her life history an open book to the licensing unit. The licensing unit pursuant to written instructions from Defendants and each of them demanded a psychological examination. There was no justification for such an examination, and Plaintiff purportedly "failed" the examination. Reliance on the alleged failure is barred by res judicata and/or collateral estoppel given the California State Court Order preventing Defendants from reliance on her previous status as a prohibited person.

11. *California Penal Code* (CPC) §26150 governs applications for CCW licenses. It states in pertinent part:

    (a) When a person applies for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the sheriff of a county may issue a license to that person upon proof of all of the following:

    (1) The applicant is of good moral character.

    (2) Good cause exists for issuance of the license.

    (3) The applicant is a resident of the county or a city

                within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business.

      (4)    The applicant has completed a course of training as described in Section 26165.

. . .

12. On July 13, 2023, the Orange County Sheriff's Department CCW Licensing Unit sent Plaintiff an email that her permit application was denied, with the stated reason: "The requirement of good moral character was not satisfied due to failing the psychological examination."

13. Plaintiff served a Government Claims Act notice on the Attorney General.

## COUNT ONE
## 42 U.S.C. §1983 ACTION FOR DEPRIVATION OF PLAINTIFF'S RIGHTS UNDER U.S. CONSTITUTION AMENDMENTS II AND XIV
### (Against All Defendants)

14. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff is a law-abiding, responsible member of society and is included in the "the people" protected by the Second Amendment.

16. Defendant, under the color of *California Penal Code* (CPC) §26150, deprived Plaintiff of her rights under the Second and Fourteenth Amendments to the U.S. Constitution. Plaintiff's claim arises under 42 U.S.C. §1983. Plaintiff's involuntary medical hold following a brutal rape while a child, did not involve moral turpitude so as to violate the requirement of good moral character. A Superior Court upheld Plaintiff's right to apply for CCW by ordering the removal of the prohibited

person status. This ruling should be considered res judicata or collateral estoppel to any challenge that Plaintiff is somehow unfit to have a CCW license. Defendant's interpretation of the Penal Code, unduly burdens conduct protected by the Second Amendment.

17. To determine with the CCW applicant is of good moral character, the application required a psychological examination. However, the licensing officials did not take into consideration the Court Order removing the bar to being issued a CCW license in deciding to deny Plaintiff's application. In that manner, the good moral character requirement was selectively enforced against Plaintiff.

18. By infringing the right to bear arms in public, Defendant violated the Second Amendment, which applies to Defendant by operation of the Fourteenth Amendment, both facially and as applied to Plaintiff. Any penal code which imposes a good moral character clause or hurdle is invalid.

Wherefore, Plaintiff prays for:

1. For a judicial determination that *California Penal Code (CPC)* §26150(a)(1) is unconstitutional;

2. For temporary and permanent injunction granting Plaintiff's CCW license or precluding Defendant from relying on the good moral character clause of the Penal Code;

2. For costs; and

3. For such further relief as may be proper.

                Respectfully submitted,

                FLYER & FLYER, A PROFESSIONAL LAW CORPORATION

Dated: July 24, 2023     By:    /s/ David R. Flyer
                                David R. Flyer
                                Raquel Flyer
                                Attorneys for
                                Plaintiff JANE DOE

[C:\ALL FILES\A2165.02\drafts\Complaint-01pld.wpd]