David R. Flyer, Bar #100697
Raquel Flyer, Bar #282248
**FLYER & FLYER, A Professional Law Corporation**
4120 Birch St., Ste. 101
Newport Beach, CA 92660
(949) 622-8445
(949) 622-8448 (fax)
davidflyer@flyerandflyer.com
raquelflyer@flyerandflyer.com

Attorneys for Plaintiff
JANE DOE

IN THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California, and DOES 1 TO 10,<br><br>　　　　Defendants. | Case No.<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST TO PROCEED ANONYMOUSLY**<br><br>District Court Judge:<br><br>Courtroom:<br><br>Magistrate Judge:<br><br>Courtroom:<br><br>Complaint filed: |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

<u>**MEMORANDUM OF POINTS AND AUTHORITES IN**</u>

<u>**SUPPORT OF REQUEST TO PROCEED ANONYMOUSLY**</u>

**1. <u>BACKGROUND FACTS</u>**

　　Plaintiff seeks leave to proceed anonymously in her violation of civil rights case under 42 U.S.C. §1983, and the Second and Fourteenth Amendments of the United States Constitution against the California Attorney General, based on her having suffered a brutal rape while a minor, and for injuries sustained thereby, having been placed on an involuntary medical hold.  She has since been determined by a State Court Judge to no longer be a person prohibited to own and use firearms.

1   Plaintiff applied for a Concealed Carry Weapon ("CCW") license to the Sheriff's Department of Orange County, California on February 17, 2023. The reason for the application was to allow Plaintiff to be able to provide for her own safety.  For reasons unrelated to her CCW application she seeks to proceed anonymously. Plaintiff was the victim of a violent crime while a minor.  She suffered physical and psychological trauma.  She was involuntarily hospitalized for three days while still a minor.  After the passage of five years which occurred on August 29, 2022, Plaintiff applied for and received a Court Order relieving her from being a prohibited person under *Cal. Wel. & Inst. Code* §8103.

Plaintiff was issued CCW licenses in three other States.  She is a law-abiding citizen who has never been arrested nor convicted of any crime.  Plaintiff is a victim of a violent crime.  Yet, on July 13, 2023, her application for a CCW license was denied, with the stated reason: "The requirement of good moral character was not satisfied due to failing the psychological examination."  The grounds for denial were at the express instructions of the Defendants to all local sheriffs.  "Good moral character" appears to be a substitute for "proper cause," which our Highest Court held was an unconstitutional hurdle to acquiring a CCW, see *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111, 2126, 213 L.Ed.2d 387 (2022).  Further the Order by the California State Court Judge operates as res judicata or collateral estoppel precluding denial of license on grounds of alleged failure to pass a psychological examination.  Plaintiff challenges the denial of her license based on wrongful application of *California Penal Code* (CPC) §26150, which violates her civil rights.

## 2. LEGAL ANALYSIS

The Chief District Court Judge summarized the law in *Publius v. Boyer–Vine*, 321 F.R.D. 358, 361 (E.D. Cal. 2017) (court upheld anonymous proceedings in case involving suit by political blog writer for civil rights violations):

///

Under Federal Rule of Civil Procedure 10(a), the title of every complaint must "include the names of all the parties," and a plaintiff's use of a fictitious name may "run[ ] afoul of the public's common law right of access to judicial proceedings." *Does I through XIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). Nevertheless, the Ninth Circuit permits parties to proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068 ...

The Ninth Circuit recited the factors for evaluating a party's special circumstances for proceeding anonymously in *Kamehameha*, supra, 596 F.3d at 1042 (denying anonymous proceedings for minors who challenged rejection of their applications to private school based on not being native Hawaiians), by citing to *Advanced Textile*, supra, at 1068 (reversing the denial of motion for anonymous proceedings in violation of wage and hour laws):

> To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to such retaliation," (4) the prejudice to the opposing party, and (5) the public interest.

The *California Constitution* Art. 1, Sec. 1, provides: "All people are by their nature free and independent and have inalienable rights. Among these are . . . pursuing and obtaining safety, happiness, and privacy." The Cal. Supreme Court interpreted these Constitutional rights to apply to litigation, see *Hill v. National Collegiate Athletic Ass'n*, 7 Cal.4th 1, 16 (1994) (relying on ballot arguments for Proposition 11, the Privacy Initiative, which urged greater need for protection against the potential misuse of information gathered by both government and private entities in deciding that under a balancing test there was no right of privacy against drug testing by the NCAA). The Supreme Court explained, Id., at 25:

> "The [common law invasion of privacy] tort safeguards the interests of individuals in the maintenance of rules of civility.... [¶] ... [In everyday life we experience privacy] as an inherently normative set of social practices that constitute a way of life, our way of life.... In the tort, 'privacy' is simply a label we use to identify one aspect of the many

forms of respect by which we maintain a community. It is less important that the purity of the label be maintained, than that the forms of community life of which it is a part be preserved."

Anonymous proceedings, at least prior to trial, are generally allowed as a special circumstance when there are allegations of sexual assault, see for instance *Doe v. Krogh*, 2021 WL 1967165 at *1 (D. Az. 5/17/2021) (pilot "used his position as an aviation instructor to sexually harass, abuse, and molest Plaintiffs when they were children."); and *Doe v. Cabrera*, 307 F.R.D. 1 (D.D.C. 2014) (rape perpetrated by baseball player).

Applying the *Advanced Textile* factors here reveals that there is good cause to protect the privacy of Plaintiff who sustained serious injuries in matters unrelated to Defendants' alleged conduct. As to factors one (severe harm), two (reasonableness of concern about disclosure), and five (public interest), Plaintiff would likely suffer undue humiliation and embarrassment were adverse private facts revealed. The public has an interest in protecting the privacy of victims of violent crime. See *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-196 (E.D. NY. 2006) (granting motion for anonymity by adult who alleged he was raped as a child while in religious school), where the district court cited to *Advanced Textile*, and then explained:

> ... Governor Mario Cuomo stated, "sexual assault victims have unfortunately had to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy." 1991 McKinney's Sessions Laws of N.Y., at 2211–2212 (quoted in *Deborah S. v. Diorio,* 153 Misc.2d 708, 583 N.Y.S.2d 872 (N.Y.City Civ.Ct.1992)); *see also Coker v. Georgia,* 433 U.S. 584, 597, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977) ("Short of homicide, [rape] is the ultimate violation of self").

Factor three regarding fear of retaliation is not applicable. As to factor four, there is no undue prejudice to Defendants. Defendants know the identity of Plaintiff, and discovery can be conducted subject to a protective order to preserve confidentiality. We have located no case denying anonymity proceedings at least prior to trial, in a case involving rape committed on a minor and the concomitant emotional or psychological harm which would result from disclosure of the identity

of complainant.

## 3. CONCLUSIONS

Plaintiff while a child suffered rape at the hands of a third party. The rape led to an involuntary medical hold. As an adult, a State Court Judge ordered that Plaintiff shall no longer be considered a prohibited person which operates as res judicata or collateral estoppel to any claim that Plaintiff is somehow psychologically disqualified from having a CCW license.

Wherefore, Plaintiff prays that she be allowed to pursue this matter, at least up to trial, anonymously, and for such further appropriate relief.

Respectfully submitted,

FLYER & FLYER, A PROFESSIONAL LAW CORPORATION

Dated: July 24, 2023     By:     /s/ David R. Flyer
David R. Flyer, Raquel Flyer
Attorneys for Plaintiff JANE DOE

[C:\ALL FILES\A2165.02\drafts\Memo.PA.-01pld.wpd]